J-S22045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :       PENNSYLVANIA
                              :
           v.                 :
                              :
                              :
                              :
TIMOTHY C. SAUNDERS           :
                              :
           Appellant          :  No. 1478 WDA 2022

Appeal from the PCRA Order Entered December 7, 2022
In the Court of Common Pleas of Erie County
Criminal Division at CP-25-CR-0002794-2016

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: JULY 28, 2023**

Timothy C. Saunders (Appellant) appeals *pro se* from the order dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

As this Court previously explained:

> [Appellant's] convictions arose from [his] actions on June 22, 2016[,] in setting fire to the vehicle of a former girlfriend, Deborah Lynn Marshall, in a parking lot at Eaton Reservoir, a/k/a Bulls Dam, in North East Township, Erie County, Pennsylvania.  That day, while Marshall was walking with her dog around the reservoir, Appellant met up with her and made unwanted advances toward her.  When Marshall rejected the advances, Appellant became angry and acted aggressively toward Marshall.  Marshall ran from Appellant toward her vehicle, a 2004 green Jaguar.  Appellant followed Marshall, entered his own vehicle, and drove into the lot where Marshall's vehicle was parked.  Appellant parked right beside Marshall's Jaguar, in the space in between the Jaguar and the space where the vehicle of Scott Bigley was parked.

Bigley, a friend of Marshall's, was sitting in his vehicle waiting for Marshall to return from the walk. Marshall spotted Bigley, quickly got inside his vehicle[,] and asked him to drive away to escape from Appellant. Confused, Bigley began to drive away. Appellant continued toward Bigley's vehicle and struck Bigley's windshield on the passenger side with his fist, cracking the windshield. Bigley and Marshall drove off. They stopped at a nearby establishment where they called friends to assist them in retrieving Marshall's vehicle. Approximately [twenty] minutes or so after Bigley and Marshall had fled the reservoir parking lot, Bigley and one of the friends returned to the parking lot where they found the back portion of Marshall's vehicle engulfed in flames. Firefighters and emergency personnel were called to the scene and the fire was extinguished. The evidence established the fire to Marshall's vehicle originated on the rear passenger side; the fire was incendiary in nature and Appellant caused the fire.

On December 20, 2016, at the conclusion of a nonjury trial, the trial court convicted Appellant of [one count each of reckless burning or exploding, 18 Pa.C.S.A. § 3301(d)(2), and arson involving danger of death or bodily injury, 18 Pa.C.S.A. § 3301(a)(1)(i)]. On February 1, 2017, the trial court sentenced Appellant to serve a term of incarceration of twelve to twenty-four months for the conviction of reckless burning or exploding, and a concurrent term of incarceration of forty-eight to ninety-six months for the conviction of arson involving danger of death or bodily injury. In addition, the trial court ordered Appellant to pay restitution in the amounts of $250.00, which was for the insurance deductible for Ms. Marshall's vehicle that was destroyed by the fire, and $300.00, which was for the broken windshield of Mr. Bigley's vehicle.

*Commonwealth v. Saunders*, [185 A.3d 1101 (Pa. Super. 2018) (unpublished memorandum at *1)] (some brackets added; footnote and citation omitted).

On direct appeal, this Court affirmed the part of Appellant's judgment of sentence regarding his convictions (*i.e.*, it rejected his sufficiency and weight-of-the-evidence claims), but vacated the portion of his judgment of sentence relating to the award of restitution of $300.00 for the broken windshield of Mr. Bigley's vehicle. Thereafter, Appellant filed a petition for allowance of appeal to our Supreme Court, which was denied on August 13, 2018. *See Commonwealth v. Saunders*, 190 A.3d 1134 (Pa. 2018).

On October 10, 2018, Appellant filed a *pro se* PCRA petition, his first. The PCRA court subsequently appointed counsel, who filed a supplement to Appellant's petition on November 29, 2018. On January 2, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition, and Appellant did not file a response. On February 11, 2019, the PCRA court entered an order dismissing the petition.

*Commonwealth v. Saunders*, 226 A.3d 647 (Pa. Super. 2020) (unpublished memorandum at *1-2) (some citations modified).

On January 21, 2020, this Court affirmed the denial of PCRA relief. On July 15, 2020, the Pennsylvania Supreme Court denied leave to appeal. *Commonwealth v. Saunders*, 237 A.3d 386 (Pa. 2020).

On June 29, 2022, Appellant filed a motion for extraordinary relief challenging the discretionary aspects of his sentence. Motion for Extraordinary Relief, 6/29/22, at 1-4. The trial court deemed the motion a second PCRA petition and issued a Pa.R.Crim.P. 907 notice on August 30, 2022.

On September 2, 2022, while the motion for extraordinary relief was pending, Appellant filed the instant PCRA petition, in which he claimed prior

PCRA counsel was ineffective for "fil[ing] an insufficient brief to the Superior Court of Pennsylvania." PCRA Petition, 9/2/22, at 4.

On September 30, 2022, Appellant filed objections to the PCRA court's notice of intent to dismiss his motion for extraordinary relief. On October 5, 2022, the PCRA court dismissed Appellant's motion for extraordinary relief. That same day, the PCRA court issued Rule 907 notice with respect to the instant petition.

Appellant timely appealed the dismissal of his motion for extraordinary relief. On May 26, 2023, this Court quashed the appeal. **Commonwealth v. Saunders**, --- A.3d ----, 2023 WL 3675953 (Pa. Super. May 26, 2023) (unpublished memorandum, at *1). We agreed with Appellant that the court erred in treating his motion for extraordinary relief as a second PCRA petition. **Id.** at *2. Nonetheless, we explained that the motion was a "plainly untimely" post-sentence motion, and thus its filing "did not toll the requirement that [Appellant] raise his claims in a timely direct appeal." **Id.** at *2. We concluded we lacked jurisdiction over the appeal. **Id.**

On December 7, 2022, the PCRA court dismissed the instant petition as untimely. Appellant filed a notice of appeal on December 19, 2022. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[1]

_____

[1] On January 3, 2023, this Court issued an order directing Appellant to show cause as to why his appeal should not be quashed pursuant to **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (overruled on other
*(Footnote Continued Next Page)*

Appellant raises the following issues:

A. Whether the [PCRA c]ourt erred and abused its discretion when it deemed Appellant's PCRA petition untimely when Appellant has pled and proven exceptions to the timeliness rule of the PCRA?

B. Whether the [PCRA c]ourt erred and abused its discretion when it declared that Appellant's PCRA petition was amended by PCRA counsel?

C. Whether the [PCRA c]ourt erred and abused its discretion when it declared that there was no need for an evidentiary hearing?

D. Whether the [PCRA c]ourt erred and abused its discretion when it declared that any issues in the PCRA petition have been litigated, or are waived?

E. Whether the [PCRA c]ourt erred and abused its discretion when the [PCRA c]ourt violated Appellant's Pennsylvania and United States Constitutional Right to Due Process by denying Appellant his rule based right to assistance of competent PCRA counsel?

F. Whether the [PCRA c]ourt erred and abused its discretion when it refused to appoint competent counsel to properly develop/address the merits of this PCRA petition?

G. Whether the [PCRA c]ourt erred and abused its discretion when it failed to properly address all of Appellant's objections to the [PCRA c]ourt's Notice of Intent to Dismiss?

Appellant's Brief at 7-8 (punctuation modified).

_____

grounds) (a second or subsequent PCRA petition cannot be filed until "the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."). Appellant filed a response, and on January 30, 2023, this Court discharged the rule but advised Appellant that the merits panel might revisit the issue. As discussed above, this Court subsequently found the trial court erred in treating Appellant's motion for extraordinary relief as a PCRA petition rather than an untimely post-sentence motion. Thus, **Lark** is not implicated.

We review the dismissal of Appellant's PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

A PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction. **Commonwealth v. Wharton**, 886 A.2d 1120, 1124 (Pa. 2005); **see also Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Lewis**, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Appellant concedes his PCRA petition is untimely. Appellant's Brief at 11. Appellant's judgment of sentence became final on November 12, 2018, and he did not file his petition until September 2, 2022. A petitioner may

overcome the PCRA's time-bar if he pleads and proves one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). The exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012); **see also** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). If a petitioner fails to invoke a valid exception, the court lacks jurisdiction to review the petition or provide relief. **Spotz**, 171 A.3d at 676.

Appellant first takes issue with the PCRA court's conclusion that the Pennsylvania Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), did not create an exception to the PCRA's time bar. Appellant's Brief, at 10-11; **see also** Rule 907 Notice, 10/18/22, at 4-5. This claim does not merit relief.

We recently explained:

Reliance on **Bradley** for purposes of overcoming the untimeliness of the underlying PCRA petition is misplaced. In **Bradley**, our Supreme Court extended the opportunity for a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness. Previously, "the sole method by which a petitioner c[ould] challenge the ineffectiveness of his PCRA counsel [wa]s through the filing of a response to the PCRA court's Rule 907 dismissal notice." **Bradley**, 261 A.3d at 386. The **Bradley** Court abandoned that approach, holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*,

raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401.

*Bradley*, however, did not announce a new constitutional right, much less one applicable retroactively. *See*, *e.g.*, *Commonwealth v. Johnson*, 2023 WL 2379233 (Pa. Super. 2023) (unpublished memorandum) (noting "[a]lthough [*Bradley*] did not specifically address the timeliness exception upon which [a]ppellant relies, it is clear *Bradley* did not recognize a new constitutional right," *id.* at *4); *Commonwealth v. Dixon*, [290 A.3d 702] (Pa. Super. 2022) (unpublished memorandum) (holding *Bradley* does not trigger the timeliness exception of Section 9545(b)(1)(iii)); *Commonwealth v. Parkinson*, 2022 WL 5237927 (Pa. Super. 2022) (holding "*Bradley* did not create a new, non-statutory exception to the PCRA time bar," *id.* at *3).

Furthermore, this Court has continually declined to extend the holding of *Bradley* to cases involving untimely petitions, like the instant one. *See*, *e.g.*, *Commonwealth v. Stahl*, [292 A.3d 1130] (Pa. Super. 2023) (concluding that "[n]othing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel," *id.* at [1136]); *Commonwealth v. Mead*, [277 A.3d 1111] (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 284 A.3d 118 (Pa. 2022) (emphasizing that *Bradley* involved a timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition); *Commonwealth v. Morton*, [292 A.3d 1075] (Pa. Super. 2023) (unpublished memorandum) (holding that appellant's reliance on *Bradley* does not afford relief in his appeal from the denial of his untimely second PCRA petition); *Commonwealth v. Gurdine*, [273 A.3d 1076] (Pa. Super. 2022) (same)[, *appeal denied*, 286 A.3d 707 (Pa. 2022)].

*Commonwealth v. Ruiz-Figueroa*, --- A.3d ----, 2023 WL 4115626, at *2

(Pa. Super. Jun. 22, 2023) (footnote omitted).[2]

---

[2] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

The above reasoning applies to Appellant. Accordingly, his claim that **Bradley** allows him to circumvent the PCRA's time bar lacks merit.

Appellant also claims that he has met the governmental interference exception. Appellant asserts that counsel appointed to represent him in his first PCRA action did not file an amended PCRA petition, but rather filed a supplemental petition incorporating Appellant's *pro se* PCRA petition. Appellant's Brief at 11-16. Appellant thus claims that he was deprived of effective assistance of PCRA counsel. **Id.**

To establish the governmental interference exception, a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials; and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008). In other words, a petitioner is required to show that but for the interference of a government actor, "he could not have filed his claim earlier." **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

Appellant has not met this burden. In **Stahl**, this Court rejected a similar claim that ineffective assistance of prior PCRA counsel constituted governmental interference. **Stahl**, 242 A.3d at 1134. We stated that the claim cannot meet the governmental interference exception unless counsel's ineffectiveness "wholly deprived the defendant of collateral or appellate review." **Id.**

Here, the PCRA court denied Appellant's first PCRA on the merits after issuing a detailed Rule 907 notice explaining why each of Appellant's claims lacked merit. *See* Rule 907 Notice, 1/2/19, at 2-16. On appeal, this Court affirmed the denial of relief. *Commonwealth v. Saunders*, 226 A.3d 647 (Pa. Super. 2020) (unpublished memorandum at *3). We initially found waiver based on the inadequacies of Appellant's brief. In the alternative, we explained:

> [E]ven if not waived, we would conclude that Appellant's claims have no merit. … [The PCRA court's] analysis accurately and thoroughly disposed of the issues raised by Appellant. Accordingly, if Appellant's issues were not waived, we would adopt [the PCRA court's] analysis as our own with respect to the issues Appellant raised on appeal.

*Id.* (footnote omitted). Thus, Appellant has not satisfied the governmental interference exception, because PCRA counsel's alleged ineffectiveness did not "wholly deprive" Appellant of either collateral or appellate review. *See Stahl*, 242 A.3d at 1134.

Lastly, Appellant contends he met the newly discovered facts exception because "PCRA counsel's performance fell well below what would be deemed satisfactory." Appellant's Brief at 16. Appellant argues counsel abandoned him in the PCRA court and on appeal by failing to file an amended PCRA petition, failing to file a response to the PCRA court's Rule 907 notice, and by filing a deficient appellate brief. *Id.* at 16-17.

In *Bradley*, our Supreme Court rejected a similar contention that claims of ineffective assistance of PCRA counsel constitute a newly discovered fact:

> We decline to adopt the approach … that would deem a petitioner's "discovery" of initial PCRA counsel's ineffective assistance to constitute a "new fact" that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time bar provision under the "new fact" exception. *See* 42 Pa.C.S. § 9545(b)(1)(ii). We have repeatedly rejected such an understanding of the "new fact" exception to the PCRA's one-year time bar. *See Commonwealth v. Gamboa-Taylor*, [753 A.2d 780, 785 (Pa. 2000)] ("[S]ubsequent counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling [a]ppellant to the benefit of the exception for after-discovered evidence.")[.]

*Bradley*, 261 A.3d at 404, n.18. Thus, Appellant's "discovery" of PCRA counsel's alleged ineffectiveness is not a newly discovered fact. *Id.*

Appellant's PCRA petition is untimely. Because he failed to plead and prove an exception to the PCRA's time-bar, we affirm the order dismissing his PCRA petition.

Order affirmed.

Judge Olson and Judge Stabile concur in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023